**Adan Reynoso CISNEROS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–72196, 05–74830.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Francisco J. Barba, Esq., San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Don G. Scroggin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Adan Reynoso Cisneros, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel and its order denying his motion to reconsider and reopen based on new evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review de novo due process claims. *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny the petitions for review.

The BIA did not abuse its discretion by denying the two motions because Reynoso Cisneros failed to establish prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir.2003) (alien must demonstrate prejudice from counsel's ineffective assistance to establish due process violation). The only additional evidence Reynoso Cisneros provided of his continuous physical presence from 1987 to 1992 is his brother's declaration, yet the declaration is internally inconsistent regarding when his brother lived in Marysville. The new evidence is therefore insufficient to establish that counsel's performance "may have affected the outcome of the proceedings." *Id.* at 899–900 (internal quotation marks and citations omitted). Because Reynoso Cisneros did not establish prejudice regarding continuous physical presence, it was unnecessary for the

BIA to address his new hardship evidence. *See* 8 U.S.C. § 1229b(b)(1).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

